LAW OFFICES OF MYLES S. BREINER
MYLES S. BREINER                4364
841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Tel. No. (808) 526-3426
Facsimile No. (808) 521-7680
*myles@breinerlaw.net*


REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE            5857
CLARISSE M. KOBASHIGAWA       9314
Pali Palms Plaza
970 N. Kalaheo Ave., Suite. A301
Kailua, Hawaii 96734
Tel. No. (808) 791-9550
Facsimile No. (808) 791-9551
*terry@revereandassociates.com*
*clarisse@revereandassociates.com*

Attorneys for Plaintiff
CHARDONNAY PANTASTICO


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARDONNAY PANTASTICO, | ) CIVIL NO. _____ |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR DAMAGES; |
| vs. | ) DEMAND FOR JURY TRIAL |
| | ) |
| DEPARTMENT OF EDUCATION, | ) |
| State of Hawaii; KATHRYN | ) |
| MATAYOSHI, in her official capacity as | ) |
| Superintendent of Hawaii; NAOMI | ) |

TAKAMORI, in her official capacity as )
former James P. Campbell High School )
Principal; JON HENRY LEE, in his )
official capacity as the James P. )
Campbell High School Principal )
DUANE IZUMI,  in his official capacity )
as the former James P. Campbell High )
School Athletic Director; SAMUEL )
DELOS REYES, in his official capacity )
as James P. Campbell High School )
Athletic Director; KEVIN NAGAMINE; )
MICHAEL HERMOSURA; JOHN )
DOES 1-25; JANE DOES 1-25; AND )
DOE ENTITIES 1-25, )
                                                              )
                                    Defendants.    )

## COMPLAINT FOR DAMAGES

Plaintiff CHARDONNAY PANTASTICO, by and through her undersigned

attorneys, and for her COMPLAINT against the above-named Defendants, hereby

alleges and avers as follows:

### INTRODUCTION

1.     Plaintiff CHARDONNAY PANTASTICO ("Plaintiff" or "Plaintiff

PANTASTICO") hereby initiates this lawsuit and seeks redress for injuries

sustained after being groomed for a romantic and physical relationship while still a

minor, wherein she was subsequently sexually assaulted by the girls' varsity

assistant softball coach Defendant KEVIN NAGAMINE ("Defendant Nagamine")

at the James P. Campbell High School ("Campbell High School" or "Campbell

High").

2.      Plaintiff was a student at Campbell High when she was sexually assaulted by Defendant Nagamine. Defendant Nagamine had a previous history of grooming minor females at Campbell High, for which he either resigned or was terminated for.

3.      As a direct result of Defendant Nagamine's misconduct, Plaintiff has sustained injuries due to Defendant State of Hawaii - Department of Education's ("Defendant DOE" or "SOH") failure to properly hire, train, supervise and retain personnel.

4.      Furthermore, Plaintiff has sustained injuries due to Defendants' disregard for an obvious and ongoing pattern and practice of the taking advantage of and sexual abuse of Campbell High students by SOH employees, and a deliberate indifference for the safety of Plaintiff and other female athletes similarly situated at Campbell High.

5.      Defendant DOE's failure to properly hire, train, supervise and retain personnel at Campbell High and the disregard for the policies and procedures in place create an unsafe and threatening environment for female students.

6.      Defendant DOE's failure to provide adequate facilities for its female athletes such as a female locker room separate and apart from the coach's office has created an unsafe and threatening environment for female athletes.

7.     Hawaii was a leader in the fight for federal protection against sex discrimination in education, largely through the efforts of Senator Patsy Mink of Hawaii. Senator Mink fought tirelessly against the discrimination of women in education and was instrumental in passing Title IX, a federal legislative action aimed at allowing women free access to education without the barriers of discrimination. Women's rights to play sports were endorsed and protected, along with a right to be free from sexual harassment while engaged in sports. Plaintiff's right to play softball, and to be free from sexual discrimination and harassment, arose from the efforts of Senator Mink.

8.     Now, almost a half century after the landmark legislation became law, it is apparent that basic rights, such as that of a female locker room, are still being overlooked, while providing male counterparts with the facilities that they need.

9.     As recently reported in various news outlets, the female athletes at Campbell High are changing in cafeterias and classrooms, school restrooms, even outside on the bleachers, whenever and wherever they can.

10.     More humiliating than the lack of and/or inadequate locker room and changing facilities is the bathroom access for female athletes, particularly for the Campbell High softball team. Female softball team members such as Plaintiff need to either refrain from drinking water during practice or run seven-tenth's of a mile to a nearby Burger King, clearly off-campus. The need for available restrooms is

increased when it comes to caring for feminine monthly needs, thus causing Plaintiff and other similarly situated females to become extremely creative, embarrassingly so.

11.    The lack of proper and accessible toileting facilities for these female athletes creates a culture and general feeling that these young females are second class citizens in their own schools, especially when it comes to sporting events.

## PARTIES

12.    Plaintiff CHARDONNAY PANTASTICO ("Plaintiff") is and was, at all times relevant herein, a citizen of the United States and a resident of the City and County of Honolulu, State of Hawaii.

13.    Defendant DEPARTMENT OF EDUCATION, State of Hawaii ("Defendant DOE," or "SOH"), is the state administrative agency that manages the statewide systems of public schools, which includes Campbell High as part of the Honolulu District. The Department of Education receives federal funds and is bound by the anti-discrimination provisions of Title IX.

14.    Defendant KATHRYN MATAYOSHI ("Defendant Matayoshi") is and was, at all times relevant to this Complaint, the Superintendent of the State of Hawaii Department of Education ("DOE"). In this capacity, Defendant Matayoshi exercises administrative authority and control over Campbell High, including its policies, practices, procedures, facilities, maintenance, programs, activities,

5

services and staff. Defendant Matayoshi is responsible for ensuring that all schools

in the State, including Campbell High, comply with anti-discrimination laws. Upon

information and belief, Defendant Matayoshi is a citizen of the United States and a

resident of the State of Hawaii. Defendant Matayoshi is sued in her official

capacity.

15.    Defendant NAOMI TAKAMORI ("Defendant Takamori") was, at all

times relevant to this Complaint, the former Principal of James P. Campbell High

School and, upon information and belief, employed by the DOE. Defendant

Takamori had authority and control over the day-to-day operations of Campbell

High, including its policies, practices, maintenance, programs, activities, services

and staff. Defendant Takamori was responsible for ensuring that Campbell High

complied with anti-discrimination laws and kept its students and female athletes

safe. Upon information and belief, Defendant Takamori is a citizen of the United

States and a resident of the State of Hawaii. Defendant Takamori is sued in her

official capacity.

16.    Defendant JON HENRY LEE ("Defendant Lee") is and was, at all

times relevant to this Complaint, the current Principal of James P. Campbell High

School and, upon information and belief, employed by the DOE. Defendant Lee

has authority and control over the day-to-day operations of Campbell High,

including its policies, practices, maintenance, programs, activities, services and

6

staff. Defendant Lee is responsible for ensuring that Campbell High complies with anti-discrimination laws and keeps its students and female athletes safe. Upon information and belief, Defendant Lee is a citizen of the United States and a resident of the State of Hawaii. Defendant Lee is sued in his official capacity.

17.    Defendant DUANE IZUMI, ("Defendant Izumi") is and/or was, at all times relevant to this Complaint, the Athletic Director at James P. Campbell High School, and, upon information and belief, employed by the DOE. Defendant Izumi had authority and control over the day-to-day operations of the Campbell High athletic department, including its policies, practices, procedures, programs, activities, services, coaches, and teams. Defendant Izumi was responsible for ensuring that Campbell High complies with anti-discrimination laws. Upon information and belief, Defendant Izumi is a citizen of the United States and resident of the State of Hawaii. Defendant Izumi is sued in his official capacity.

18.    Defendant SAMUEL DELOS REYES, ("Defendant Delos Reyes") is and/or was, at all times relevant to this Complaint, the Athletic Director at James P. Campbell High School, and, upon information and belief, employed by the DOE. Defendant Delos Reyes had authority and control over the day-to-day operations of the Campbell High athletic department, including its policies, practices, procedures, programs, activities, services, coaches, and teams. Defendant DELOS REYES was responsible for ensuring that Campbell High complies with anti-

discrimination laws. Upon information and belief, Defendant Delos Reyes is a citizen of the United States and resident of the State of Hawaii. Defendant Delos Reyes is sued in his official capacity.

19.     Defendant KEVIN NAGAMINE ("Defendant Nagamine") is and/or was, at all times relevant to this Complaint, acting with apparent authority as a girls' softball coach or assistant coach capacity at James P. Campbell High School. Upon information and belief, Defendant Nagamine is a citizen of the United States and a resident of the State of Hawaii; and was duly employed by the State of Hawaii for all times relevant to this Complaint.

20.     Defendant MICHAEL HERMOSURA ("Defendant Hermosura") is and/or was, at all times relevant to this Complaint, a Girls' Softball Coach at James P. Campbell High School.  Upon information and belief, Defendant Hermosura is a citizen of the United States and a resident of the State of Hawaii; and was duly employed by the State of Hawaii for all times relevant to this Complaint.

21.     At all times relevant herein, the officials, employees and/or agents of Defendant DOE were acting pursuant to the official policies and customs of the State and/or those actions have been approved of, ratified, and/or enforced by the persons and/or entities with final decision-making authority.

22.     Each of the Defendants (or their agents or employees) acted under color of law as to the matters set forth herein. Each of the Defendants knows of

and/or is responsible for the decisions, policies, practices or customs set forth herein.

19.     Defendants JOHN DOE 1-25, JANE DOE 1-25, and DOE ENTITIES 1-25 ("Doe Defendants") are fictitious names representing Defendants whose true names, identities, and/or capacities are as yet unknown to Plaintiff and her counsel, despite their inquiry and due diligence, who are or were in some manner responsible for or engaged in the activities alleged herein so as to be liable for injuries suffered by Plaintiff.

20. Plaintiff will seek leave to amend this complaint, after discovery has commenced, to more specifically identify any Doe Defendants whose true identities, capacity and actions become known to Plaintiff through discovery.

## SUBJECT MATTER JURISDICTION

21. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in preceding paragraphs above.

22. Upon information and belief, Defendants' acts and/or omissions, which are more fully alleged below, were performed and/or omitted at the James P. Campbell High School in Honolulu, Hawaii.

23. Plaintiff seeks redress from Defendants for the damages suffered by Plaintiff as a result of Defendants' acts and/or omissions.

24. Based on the foregoing, Plaintiff's claims arise under 42 U.S.C. § 1983, and subject matter jurisdiction is proper in the United States District Court for the District of Hawaii.

25. As Plaintiff's claims arise under 42 U.S.C. § 1983, this Court has original jurisdiction for this action pursuant to 28 U.S.C. § 1331.

26. Furthermore, as this action seeks to redress the deprivation, under color of law, of rights secured by the United States Constitution and claims arising out of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, (aka The Patsy Takemoto Mink Equal Opportunity in Education Act) and the U.S. Department of Education's interpreting regulations[1], subject matter jurisdiction is proper in the United States District Court for the District of Hawaii.

27. Any and all of Plaintiff's state law claims, which are contained herein, form part of the same case or controversy that gives rise to Plaintiff's federal law claims and fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PERSONAL JURISDICTION

28. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

---

[1] *See, e.g.*, 34 C.F.R. § § 106.1, 106.2, and 106.41.

29. All parties reside and/or did reside in and/or were duly incorporated in the State of Hawaii at the time of the alleged incidents and for all times relevant to this Complaint.

30. Plaintiff is, was and at all relevant times herein, a resident of the City and County of Honolulu, State of Hawaii.

31. Based on the foregoing, this Court has personal jurisdiction over the Defendants pursuant to Hawaii Revised Statutes § 634-35.

## VENUE

32. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

33. As alleged above, the Defendants all reside within the State of Hawaii.

34. As alleged more fully below, all of the Defendants' acts and/or omissions occurred in the State of Hawaii.

35. Based on the foregoing, venue properly lies before this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

36. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

37. Campbell High School is located in Ewa Beach (City and County of Honolulu), Hawaii.

11

38. Plaintiff is a 2016 graduate of Campbell High School, where she lettered four years in Campbell's softball program, known as the "Sabers."

39. Plaintiff PANTASTICO first joined the Sabers as a Freshman at Campbell High in 2012, when she was 14 years old.

40. Plaintiff was a consistent Sabers member from approximately September 2012 through June 2016.

41. Plaintiff was named to the *Honolulu Star Advertiser's* all-state first team while a Junior at Campbell High.

42. Plaintiff helped lead the Sabers to the 2013 league championship and to win back-to-back Division I state championships during her Junior and Senior years at Campbell High, in 2015 and 2016.

43. Plaintiff has played softball since she was a young girl and played on championship teams in Hawaii before entering high school.

44. Plaintiff was raised to respect her coaches, to trust them and to listen to their advice as authority figures. With an eye on college and possibly a softball scholarship, Plaintiff had dedicated herself to this sport. With excitement and anticipation, she knew that softball would be a large part of her life and her future success.

45. Beginning on or about September 2012 and continuing through June 2016, Plaintiff became familiar with Defendant Nagamine initially as her Junior

Varsity (JV) softball coach, and subsequently, in his capacity as an assistant

Varsity coach when Plaintiff played for the Varsity Sabers team.

46. Defendant Nagamine was employed by Defendant SOH to work with

girls who wished to play softball, consequently falling within the range of 14 to 18

years old. In this capacity, Defendant SOH entrusted dozens of young girls into

Defendant Nagamine's care for several hours each day.

47. Starting in 2012, when Plaintiff was 14 years old, Defendant Nagamine

began grooming Plaintiff for a romantic relationship, by encouraging, manipulating

and befriending her in ways inappropriate for a minor female and/or a student.

Specifically, he presented Plaintiff with inappropriate gifts and presents, including

but not limited to a bag, jacket, bracelet, ring, necklace and "infinity" charm.

48. As part of this grooming, Plaintiff also received special treatment from

Defendant Nagamine, including physical hugs and compliments, thus placing her

on a "pedestal."

49. Defendant Nagamine went out of his way to give Plaintiff rides home

from practice. He expended his own money on her and gave her food and snacks,

and often took her out to eat after practice.

50. Defendant Nagamine did and specifically intended to lavish her with

excessive attention in order to make Plaintiff feel "special" and close to him.

13

51. Defendant Nagamine worked to gain Plaintiff's trust while she was a minor and continued to groom her for the remainder of her high school years.

52. Plaintiff viewed Defendant Nagamine as a father figure/school authority figure and sought his approval.

53. Defendant Nagamine encouraged Plaintiff to trust and confide in him and to discuss her physical adolescent development and female issues.

54. Specifically, Defendant Nagamine discussed female menstrual cycles and birth control methods with Plaintiff.

55. Defendant Nagamine encouraged Plaintiff to engage in discussions about her own family. Specifically, Defendant Nagamine encouraged discussions with Plaintiff about her parents' conversations and disagreements with Plaintiff in order to drive a wedge between Plaintiff and her parents.

56. Defendant Nagamine pretended to confide in Plaintiff about his own deteriorating sex life with his wife. He specifically led Plaintiff as a minor child into discussions about "love" between them and the emotional connection they had as lovers.

57. Defendant Nagamine would arrange to have Plaintiff sleep over at his home on weekends under the pretense of softball related activities.

58. At some point on or around February 2016, Defendant Nagamine manipulated and encouraged Plaintiff to engage in adult sexual acts with him.

14

59. Exactly about the time Plaintiff turned 18 years old, Defendant Nagamine engaged in unprotected sexual intercourse with Plaintiff. The following morning, he provided her with a "Plan B-one step" birth control pill, otherwise referred to as "the morning after pill."

60. Defendant Nagamine continued the ruse and promised Plaintiff that they would have "a wonderful life together." Defendant Nagamine made promises to Plaintiff that he would leave his wife for her.

61. Defendant Nagamine previously had another relationship with at least one other minor female student softball player at James P. Campbell High School, between the years 1997 and 2000, that began when she was 14 years old.

62. Similarly, Defendant Nagamine groomed that student while she was a minor at James P. Campbell High School. Immediately upon graduation, he married her.

64. Defendant Nagamine's wife is the individual that notified Plaintiff's parents, to warn them of Defendant Nagamine's intentions with respect to their daughter.

65. Upon information and belief, Defendant Nagamine is himself a 1996 graduate of James P. Campbell High School. He began coaching women's softball in 1997.

15

66. Upon information and belief, Defendant Nagamine, as a result of his previous relationship with his softball team student between the years 1997 and 2000, was terminated and/or he resigned from his coaching position at Campbell High School.

67. Defendant Nagamine was subsequently re-hired by Defendants SOH Matayoshi, Hermosura, Izumi and Delos Reyes, despite the actual knowledge of his prior sexual activities with his student in the year 2000.

68. Defendant Nagamine was subsequently re-hired by Defendants SOH, Matayoshi, Hermosura, Izumi and Delos Reyes, despite the actual knowledge of his resignation and/or termination from coaching for engaging in a relationship with a softball team student.

69. Defendant Hermosura, is Defendant Nagamine's uncle and was a girls' softball coach, personally involved with the re-hiring of Defendant Nagamine.

70. Defendants Izumi and/or Delos Reyes were the Athletic Directors for James P. Campbell High School and were responsible for the supervision and resolution of: (1) the investigation into Defendant Nagamine in 2000, (2) Defendant Nagamine's termination in 2000, (3) the subsequent re-hiring and/or (4) the subsequent termination of Defendant Nagamine in 2017.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

71. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

72. Defendants SOH, Matayoshi, Takamori, Hermosura, Lee, Delos Reyes, and Izumi had actual notice of Defendant Nagamine's relationship with a softball playing student at James P. Campbell High School dating back to at least 1997 when Defendant Nagamine began his relationship with a student, a 14 year-old female softball player.

73. The marriage between the coach and his former student immediately upon her graduation at 18 years old constitutes actual knowledge of Defendant Nagamine having inappropriately engaged in sexual relations with a minor student.

74. Defendants SOH, Matayoshi, Takamori, Hermosura, Lee, Delos Reyes, and Izumi were intentionally reckless and/or negligently supervised Defendant Nagamine by re-hiring him despite actual knowledge of Nagamine's having pursued his sexual interest within the School's student body of minors.

75. Defendants SOH, Matayoshi, Takamori, Hermosura, Lee, Delos Reyes, and Izumi were deliberately indifferent to the safety of the girls playing softball.

76. Defendants SOH has a pattern and practice of hiring employees who use the minor female student population in the girls' softball program as their personal dating pool, including Defendant Hermosura's own son.

17

77. Defendants SOH's, Matayoshi's, Takamori's, Hermosura's, Lee's, Delos Reyes', and Izumi's acceptance and knowledge of behavior where school employees foster romantic interests in their minor female students playing softball at Campbell High School, and are free to "come out" and/ or "legitimize" the relationship after the females turn eighteen, constitutes a pattern and practice.

78. Defendant State of Hawaii, failed to adhere to its own procedures to insure the safety of the female students under their care and control.

79. Defendants Takamori and Lee were the Principals at Campbell High School and each could have individually changed or enforced any and all hiring and supervision policies and procedures, but chose not to and/or were deliberately indifferent.

80. Defendants Izumi and Delos Reyes were the Athletic Directors at James P. Campbell High School and each could have individually changed or enforced any and all hiring and supervision policies and procedures, but were deliberately indifferent.

81. Defendants, through the acts and omissions outlined above, were the proximate cause of Plaintiff's injuries.

82. Defendants, each of them, acted under the color of law.

83. Plaintiff has suffered and/or will suffer various economic, special, general and non-economic damages to be proven at trial.

18

## SECOND CAUSE OF ACTION
### (Title IX Violations)

84. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

85. Title IX, 20 U.S.C. § 1681 et seq., also known as the "Patsy Takemoto Mink Equal Opportunity in Education Act," protects students from sexual harassment and sex discrimination in educational activities like the girls softball program at Campbell High School.

86. However, in not providing adequate and accessible locker rooms and toileting facilities to these female athletes, Defendant DOE is engaging in unlawful sex discrimination against female athletes in DOE schools by providing such athletes grossly unequal opportunities and access to athletic programs and facilities in steep contrast to their male counterparts. It is unfair and illegal that Plaintiff and similarly situated female athletes and former teammates have had to endure this belittling and second-hand treatment for *this long*.

87. The SOH (Department of Education) has established a Code of Conduct that establishes and explains the Department's expectation of serving as positive role models for students and engaging conduct and behavior which contribute to an appropriate learning environment and a professional workplace. Part E, Appropriate Interaction with Students, prohibits the following:

1) The Employee shall not commit any abusive act or sexual exploitation with, to, or in the presence of a student, whether or not that student is or has been under the care or supervision of that Employee, as defined below:

…

(b) Any sexual act;

(c) Any solicitation of a sexual act, whether written, visual, verbal, or physical;

(d) Any act of child abuse, as defined by law;

(e) Any act of sexual harassment, or any other type of discrimination, as defined by law;

(f) Any intentional solicitation, encouragement, or consummation of a romantic or physical relationship with a student, or any sexual contact with a student. The term "romantic relationship" shall include dating a student.[2]

88. Defendant SOH (Department of Education) failed to follow their own Code of Ethics and procedures that are designed to insure the safety of the female students under their care and control.

89. Defendants SOH, Matayoshi, Takamori, Hermosura, Lee, Delos Reyes and Izumi all had actual notice of Defendant Nagamine's sexual relationship with a softball playing student at James P. Campbell High School beginning in the year 1997, and definitely by the year 2000.

90. Plaintiff is informed, believes and does thereupon alleges that Defendant DOE has and/or is engaging in unlawful sex discrimination against Plaintiff and other female athletes by providing grossly unequal opportunities and access to athletic facilities and programs in contrast to male athletes.

---

[2] State of Hawaii, Department of Education, Code of Conduct 12/11/2014

20

91. The policy of condoning, ratifying, and/or promoting the importance of male athletes over females violates at minimum the Fourteenth Amendment to the U.S. Constitution.

92. Plaintiff is informed, believes and thereupon alleges that by the aforementioned acts and/or omissions Defendants, are a violation of rights guaranteed by the Fourteenth Amendment of the United States Constitution.

## THIRD CAUSE OF ACTION
### (Negligence/Gross Negligence)

93. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

94. Defendants were negligent in their actions, omissions, and/or failure to institute or adhere to proper hiring and retention policies and procedures.

95. Defendants had a duty to ensure the safety of Plaintiff while she was a student at Campbell High School and in their custody and care.

96. Defendants breached their duty to ensure the safety of Plaintiff.

97. Defendants breached their duty to ensure Plaintiff's safety while a student, and that breach was the direct and proximate cause of Plaintiff's harm.

98. Defendants could reasonably have foreseen the consequences of their actions/inactions.

99. Defendants have acted willfully, recklessly and/or negligently, with deliberate indifference for the rights, interests, and/or well-being of Plaintiff.

100. Defendants were acting within the course and scope of their employment for Defendant SOH.

101. Plaintiff has suffered and/or will suffer various economic, special, general and non-economic damages to be proven at trial.

**FOURTH CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision)**

102. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

103. Defendants SOH, Takamori, Lee, Hermosura, Izumi and Delos Reyes are responsible for the planning and supervision of the screening, hiring, training and supervision of employees at Campbell High School.

104. Defendants Takamori, Lee, Hermosura, Izumi and Delos Reyes through their respective departments, actions and inactions, failed to properly screen, hire, train, and supervise Defendant Nagamine.

105. Defendants Takamori, Lee, Hermosura, Izumi and Delos Reyes' actions and inactions were the proximate cause of Plaintiff's injuries.

106. Defendant SOH is responsible through the doctrine of Respondeat Superior for Plaintiff's injuries.

107. Defendants SOH, Takamori, Lee, Hermosura, Izumi and/or Delos Reyes could have reasonably foreseen the consequences of each of their actions/inactions.

108. As a direct, proximate and foreseeable result of the foregoing, Plaintiff has suffered and/or will suffer various economic, special, general and non-economic damages that will be proven at trial.

## FIFTH CAUSE OF ACTION

### (Battery)

109. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

110. Plaintiff suffered harmful and/or offensive touching.

111. Defendants Takamori, Lee, Hermosura, Nagamine, Izumi and Delos Reyes are responsible for the sexual assault of Plaintiff, which occurred while she was a student at Campbell High School.

112. There is no legal justification or consent doctrine applicable for a school employee to engage in sexual relations with a minor student.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

113. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

114. Defendants, each of them, owed Plaintiff a duty of care.

115. Defendants acted with negligent disregard.

116. As a direct and proximate result of Defendants actions/inaction, Defendants breached their duty of care, and Plaintiff sustained severe emotional distress.

117. Plaintiff has suffered and/or will suffer various economic, special, general and non-economic damages to be proven at trial.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

118. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

119. The acts of Defendants complained of herein were intentional and/or reckless, outrageous, unreasonable, and without just cause or excuse, thereby causing Plaintiff severe and extreme emotional distress.

120. Plaintiff is informed, believes and does thereupon alleges that Defendants acted herein knowingly, intentionally, willfully, and/or recklessly, with deliberate indifference for the rights, interests, and/or well-being of Plaintiff.

121. Plaintiff has suffered and/or will suffer various economic, special, general and non-economic damages to be proven at trial.

## EIGHTH CAUSE OF ACTION
### (Punitive Damages)

122. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the preceding paragraphs above.

123. Defendants acted with such deliberate indifference as to warrant punitive damages.

## RELIEF SOUGHT

WHERFORE, Plaintiff prays for relief as follows:

1.    For general damages in an amount to be proven at trial;

2.    For special damages including consequential damages and in an amount to be proven at trial;

3.    For punitive damages against the Defendants in their individual capacities and in an amount sufficient to deter similar behavior;

4. For reimbursement of costs and expenses herein, including attorneys' fees;

5.    For pre and post judgment interest;

6.    For injunctive relief, including but not limited to effective sexual harassment training for athletic staff at Campbell High School and the provision of adequate facilities for female athletes, and

25

7.    For such further and additional relief as the Court deems

appropriate and just.

DATED: Honolulu, Hawaii, February 16, 2018.

/s/Terrance M. Revere
MYLES S. BREINER
TERRANCE M. REVERE
CLARISSE M. KOBASHIGAWA

Attorneys for Plaintiff
Chardonnay PANTASTICO